[S. F. No. 6812.    Department One.—October 5, 1915.]

## TOWN OF ST. HELENA, (a Municipal Corporation), Appellant, v. LESLIE MERRIAM et al., Respondents.

TRESPASS—INJURY TO GATE—FINDING NOT SUSTAINED BY EVIDENCE.—In an action for trespass in breaking and injuring a gate alleged to belong to the plaintiff, a finding that the gate was situated upon land described in the answer belonging to the defendant is held not sustained by the evidence.

APPEAL—PRINTING EVIDENCE IN BRIEFS.—On an appeal from the judg-
ment, where the evidence is presented in the method provided by
section 953a of the Code of Civil Procedure, its sufficiency to sup-
port a particular point raised will not be considered unless it is
printed in the briefs.

APPEAL from a judgment of the Superior Court of Napa
County.  Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

Clarence N. Riggins, for Appellant.

Percy S. King, for Respondents.

SHAW, J.—The appeal is from the judgment and the evi-
dence is presented in the method provided by section 953a of
the Code of Civil Procedure.

The action was begun in a justice's court of Napa County,
the plaintiff alleging that the defendant wrongfully broke and
injured a gate belonging to the plaintiff and asking judgment
for damages caused thereby.  The answer alleged that the
gate in question was situated upon a certain tract of land,
particularly described, of which defendant F. J. Merriam, at
the time of the alleged trespass, was the owner, and that the
defendant Leslie Merriam took down the gate at the request
of defendant, F. J. Merriam, to whom it belonged.  This
pleading raised the issue of title to real estate and ousted the
jurisdiction of the justice's court, whereupon, under section
838 of the Code of Civil Procedure, the cause was transferred
to the superior court for further proceedings.  The superior
court, upon the trial, found that the gate was taken down by
the defendant, but that at that time the parcel of land de-
scribed in the answer was the property of F. J. Merriam, and
that the gate was situated thereon and belonged to him.  It
is claimed that this finding is contrary to the evidence.

It is clearly shown by the evidence that the gate was not
situated upon the property described in the answer.  A part
of the description reads as follows:

"Thence along the line of said lands formerly belonging to
Krug North 28° East 10.30 chains to the middle of Napa
River; thence down the middle of Napa River to the west
line of said Hudson Lane as the same existed in 1877; thence

along said Lane South 28° West, 6.50 chains to the place of beginning, containing 24.45 acres.'' The place of beginning was on the west side of Hudson Lane. The evidence shows, without contradiction, that Hudson Lane as it existed in 1877, crossed the river upon a southwesterly course at a certain ford, turned down the river, meandering near thereto for about a quarter of a mile in a southeasterly direction and ran thence southwesterly beyond the westerly line of the land in question. There was a narrow strip of land between this lane and the river from the ford down to the place of the southwesterly turn. It is obvious from the description as a whole, when compared with the course of Hudson Lane, that the course "South 28° West,'' and the distance "6.50 chains,'' in the final course of the description, are false calls, and that the words, "along said lane,'' referring to a natural object and bringing the line to the place of beginning, as they do, designate and control the location of that part of the easterly boundary. The lane does not touch the river at all, except at the ford aforesaid. The easterly line of the parcel described, therefore, lies wholly upon the west side of the lane, or at least no farther easterly than the center thereof. The gate in question was on the easterly side of the lane opening into a roadway running down to the river. Consequently the land described could not have included the place where the gate was situated on the easterly side of the road.

There is a suggestion by the respondent that evidence was introduced tending to show that Merriam had acquired title to the land on the easterly side of the lane by adverse possession. He does not print the evidence in his brief and consequently, under the provisions of section 953c of the Code of Civil Procedure, we will not consider the point. Furthermore, even if this be true, it would not bring the case within the issues nor justify the finding of the court that the gate was upon the land described in the findings and in the answer.

The judgment is reversed.

Sloss J., and Lawlor, J., concurred.