[Civ. No. 8401. First Appellate District, Division Two.—April 27, 1932.]

GRACE MONROE IRWIN, Respondent, v. SAMUEL WEINSTEIN, Appellant.

Leon Samuels for Appellant.

Sullivan, Roche, Johnson & Barry for Respondent.

TUTTLE, J., *pro tem.*—This is an action to recover damages alleged to have been sustained by plaintiff through the

fraud of defendant in the exchange of real property. The trial was had before a jury, and a verdict of $55,000 returned in favor of plaintiff. The appeal is from the judgment entered upon the verdict.

Plaintiff was the owner of an interest in certain real property in Seattle, Washington, which she alleged was worth $75,000, and which was subject to a mortgage of $20,000. Herman Kronfield was the owner of what is known as the "First Avenue" property in said city. After negotiations between the parties and their agents, an exchange of these properties was effected. It was alleged in the complaint that defendant, as the agent of Kronfield and acting in connivance with the latter, made false representations in respect to the value of the "First Avenue" property; the income therefrom; its condition and state of repair and many other matters.

While appellant does not definitely so state, we would gather from his "argument" that he relies upon the insufficiency of the evidence to support the verdict. Assuming that he had this idea in view, he is precluded from urging the point for the reason that he has failed to comply with the provisions of section 953c of the Code of Civil Procedure, the appeal being taken under the "alternative method". The record in the case covers some fifteen hundred pages of typewritten transcript, and appellant has failed "to print in his brief or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court". In all, about half a dozen questions and answers are quoted from the record. We do not feel called upon, under such circumstances, to assume the vexatious burden of an examination of the typewritten record. (*Eddy* v. *Stowe,* 43 Cal. App. 789 [185 Pac. 1024].) The insufficiency of the evidence to support a particular point raised will not be considered unless printed in the briefs. (*Town of St. Helena* v. *Merriam,* 171 Cal. 135 [152 Pac. 299].) We presume that the judgment is regular and that there is ample evidence in the record to support the verdict.

The instructions are next questioned by appellant in a manner which is vague and uncertain. Forty-one instructions are printed in appellant's brief, some given and some

refused. His attack upon these is made in the following language:

"The appellant contends that the court erred in refusing to give the instructions hereinafter specified and in giving the instructions requested by plaintiff.

"In plaintiff's instructions the court instructed the jury on conspiracy, whereas the testimony produced was destitute of any vestige of conspiracy on the part of appellant.

"Likewise, there was no evidence that Kolmitz or Kronfield was the agent of appellant in this transaction and it was error to instruct the jury on the subject of agency."

No portion of the evidence questioned is printed in the brief, and no instruction is specifically attacked. In keeping with his attitude throughout here again we find appellant proceeding upon the mistaken theory that error is presumed, and that we are going to search through these forty-one instructions in order to find reversible error. The quotation given from appellant's brief is all that he has to say upon the matter of instructions. We deem such a presentation as indicative of an utter lack of confidence in the merit of the point urged for our consideration, and we presume that the court did not err in the giving or refusing of the instructions.

The foregoing disposes of all the contentions made by appellant. The appeal has all the "earmarks" of dilatoriness and borders upon the frivolous.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 27, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 24, 1932.